**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FATIMA MORALES,

    Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

No. 3:25-CR-00577-E-1

**MEMORANDUM OPINION AND ORDER**

The United States of America ("USA" or "Government") moves pursuant to 18 U.S.C. Section § 3145(a) for a *de novo* review and revocation of the Honorable Renée Toliver's December 10, 2025, order setting conditions for the release of Defendant Fatima Morales ("Morales"). Following a *de novo* review of the criminal complaint, the Motion for Detention and Motion to Continue Detention Hearing, the arrest warrant, the pretrial services report, Judge Toliver's December 10, 2025, Order Setting Conditions of Release for Morales, the transcript of Morales' December 10, 2025, detention hearing, and additional fillings by the parties, the Court DENIES the Government's motion and ORDERS Morales released under the terms of the order setting conditions of release signed by Judge Toliver on December 10, 2025.

**I.**

On December 4, 2025, Morales was charged by criminal complaint in the Northern District of Texas with possession with the intent to distribute methamphetamine, a controlled substance, pursuant to 21 U.S.C. § 841 (a) (1), (b) (1) (A).

Following her arrest, Morales appeared before Judge Toliver for a detention and preliminary hearing, at the conclusion of which, Judge Toliver found probable cause that Morales committed the offense in the complaint and found Morales had overcome the rebuttable presumption.  Judge Toliver then ordered Morales released on conditions. The Government moved for review and revocation of Judge Toliver's December 10, 2025, release order.

## II.

An individual shall be released pending trial unless a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as require and the safety of any other person and the community." 18 U.S.C. § 3123 (e).

In its Motion for Detention and Motion to Continue Detention Hearing, the Government moved for pretrial detention of Morales pursuant to 18 U.S.C. § 3142(e) and (f). This case was eligible for a detention order because it involves a controlled substance offense punishable by more than ten or more years and due to Morales flight risk. The Government asserted the Court should detain Morales because there were no conditions of release that would reasonably assure Morales' appearance as required, the safety of the community, and the safety of another person.

The Government provided notice in its Motion for Detention and Motion to Continue Detention Hearing that it would invoke the rebuttable presumption against Defendant because there was probable cause to believe that Morales had committed a controlled substance offense for which the maximum term of imprisonment of ten years or more was prescribed.

On December 5, 2025, Morales appeared before the Honorable Rebecca Rutherford for an Initial Appearance hearing pursuant to the criminal complaint filed in this case against her. The same day, Morales consented to Pretrial Services interview. During Morales' interview, she provided contact information for her sister, Cynthia Morales, who verified much of the information contained in Pretrial Services report.

Morales' interview by Pretrial Services reflects she was 26 at the time of her arrest and is an American citizen and lifelong resident of Fort Worth, Texas. Morales reported not owning any firearms and she denied having any weapons in her home that she shared with live-in boyfriend of ten years, Luis Salazar. At the time of her interview, Defendant was pregnant. She graduated from South Hills High School in Fort Wort and has some college education from Tarrant County Community College. Morales advised she has a passport and has not traveled to Mexico since approximately 2020. Defendant's sister Cynthia Morales verified Defendant's education, international travel, and passport status. Cynthia Morales also verified Defendant's recent purchase of a home with Luis Salazar, which Defendant reported valued at approximately $330,000 with a monthly mortgage payment of $2,600. Defendant worked at Troy Construction from February-August of 2025 but has been unemployed and disabled since September 1, 2025. These facts were verified by Cynthia Morales.

Morales also indicated no history of mental health treatment, substance abuse history, or substance abuse treatment, also verified by Cynthia Morales. Additionally, Pretrial Services performed a criminal history check of Morales through the National Crime Information Center ("NCIC"), as well as state and local records, which confirmed Morales' self-reported lack of any criminal history.

Pretrial Services also performed an assessment of nonappearance factors, and noted Morales posed a risk of nonappearance for four reasons: 1) the offense charged; 2) lack of verifiable, legitimate employment, 3) ties to Mexico, and 4) unexplained assets. In assessing Morales' risk of danger to the community, Pretrial services listed the offense with which Morales was charged as the only factor.

After considering the facts of this case, Morales' lack of criminal history, Pretrial Services' assessment of Morales's risk of nonappearance, Pretrial Services' assessment of Morales' danger to the community, and based on the court's record, Pretrial Services respectfully recommended Morales be released on a personal recognizance bond and with the following conditions:

1. Pretrial Services supervision.

2. Travel restricted to the Northern District of Texas or as approved by Pretrial Services.

3. Surender any passport(s).

4. Obtaining no new passports(s).

5. No contact with victim/co-defendant(s) of the offense.

6. Obtain and maintain employment.

7. Report any contact with any law enforcement personnel.

8. No use or unlawful possession of a narcotic drug or other controlled substances unless prescribed.

In her December 10, 2025, order, Judge Toliver ordered Morales' release be subject to following conditions:

9.  Morales must not violate federal, state, or local law while on release.

10.  Morales must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

11. Morales must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

12. Morales must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose. The Court further ordered Morales to appear

at the United States District Court for the Northern District of Texas at 1100 Commerce Street, Dallas, Texas 75242, as directed.

13. Morales must sign an Appearance Bond, if ordered.

Judge Toliver also imposed the following additional conditions on Morales' release:

14. Morales must:

    a. Submit to supervision by and report for supervision to the Pretrial Services Officer, telephone number 214-753-2500.

    b. Continue or actively seek employment.

    c. Surrender any passport to the US District Clerk for the Northern District of Texas, as soon as possible.

    d. Not obtain a passport or other international travel document.

    e. Abide by the restrictions on personal association, residence or travel restricting Morales to the Northern District of Texas unless the Pretrial Services Officer gives Morales permission in advance to travel outside of the Northern District of Texas.

    f. Avoid all contact, directly and indirectly, with any person who may be a victim or witness in the investigation or prosecution including co-defendants and Luis Salazar.

    g. Not possess a firearm, destructive device, or other weapon.

    h. Not use alcohol at all.

    i. Not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner or

use any synthetic or natural substances to alter mood or cognitive ability such as CBD and hemp oils or products.

j.  Be subject to home incarceration and be restricted to 24-hour-a-day-lock-down at Morales' residence, except for medical necessities and court appearances or other activities specifically approved by the court.

k.  Submit to GPS location monitoring technology and comply with its requirements as directed.

l.  Pay all or part of the cost of location monitoring based upon Morales' ability to pay as determined by the Pretrial Services or Supervising Officer.

m.  Report as soon as possible, to the Pretrial Services or Supervising Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

n.  Reside only at the residence of Rosalee Morales, in Fort Worth, TX and with Rosalee Morales. Morales is also prohibited from changing her phone number or obtaining another phone, unless permission is given by the Pretrial Services Officer to do so.

### III.

Following a *de novo* review of the record, and evidence before the court including the transcript of Morales' Detention and Preliminary Hearing held on December 10, 2025 before Judge Toliver, the Court finds, considering the appropriate evidentiary standards governing its analysis, the Government has failed to establish that the combination of conditions imposed by Judge Toliver's December 10, 2025, order setting Morales' conditions of release will not reasonably assure the safety of any other person and the community. Additionally, the Government has failed

to establish that the combination of conditions will not reasonably assure Morales' future presence and appearance in court.

The Court finds that the combination of conditions already set out in Judge Toliver's December 10, 2025, order setting Morales' conditions of release will assure Morales' appearance as required and provide for the safety of any other person and the community. Accordingly, following this Court's *de novo* review of Judge Toliver's order setting conditions of release, and for the reasons explained above, the Court DENIES the Government's motion for review and revocation of Morales' release order.

The Court ORDERS Morales be released under the conditions set forth by Judge Toliver's December 10, 2025 order setting conditions of release.

**SO ORDERED.**

28th day of April, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE